UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cynthia Lynn Foos,                        Court File No. 15-cv-3817 (DWF/LIB)

          Plaintiff,

     v.                                      **REPORT AND RECOMMENDATION**

United States of America &
Officer Linnes,

          Defendants.

---

      This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], and Plaintiff's "Motion to Withdraw Civil Rights Complaint Also Withdrawing Application to Proceed in Forma Pauperis", [Docket No. 9].

      Plaintiff Cynthia Lynn Foos, a prisoner, commenced this action, on October 8, 2015, by filing a *pro se* complaint seeking relief under 42 U.S.C. § 1983. She did not pay any filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). (See Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2]). In an order dated October 26, 2015, the Court ordered Foos to pay an initial partial filing fee of at least $19.44. (See Order [Docket No. 5]). In that same order, the Court also informed Foos that "it may be in her best interest to file an amended complaint alleging further facts related to her own personal injuries." (Order, [Docket No. 5], at n. 3). Foos paid the initial filing fee, see [Docket No. 6], and filed an Amended Complaint, [Docket No. 7].

After reviewing Foos' Amended Complaint, the undersigned found it insufficient. The undersigned, however, afforded Foos a third chance by generally identifying the Amended Complaint's deficiencies and ordering Foos to file a Second Amended Complaint by December 30, 2015, if she wished to pursue her claim. (Order [Docket No. 8]).

Instead, however, on January 4, 2016, Foos filed what she entitled a "Motion to Withdraw Civil Rights Complaint Also Withdrawing Application to Proceed In Forma Pauperis," [Docket No. 9].[1] In that motion, Foos requested to "withdraw her Civil rights Complaint, Case No. 15-CV-3817 (DWF/LIB), and the Application to proceed In Forma Pauperis[.]" (Mot. to Withdraw, [Docket No. 9], at 1). Foos does not cite to any legal authority in her motion to support her request to withdraw. (See Id.).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikcon v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Accordingly, the Court construes Foos' motion as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a). "Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment." Williams v. Clarke, 82 F.3d 270, 272 (8th Cir. 1996); see Fed. R. Civ. P. 41(a)(1). "Rule 41(a)(1)(A) 'permits dismissal as of right,' and thus 'requires only notice to the court, not a motion, and permission or order of court is not required.'" Mashak v. Residential Credit Solutions Corp., No. 12-CV-1333 (MJD/JJG), 2013 WL 593430, at *2 (D. Minn. Jan. 10, 2013) report and recommendation adopted, No. 12-CV-1333 (MJD/JJG), 2013 WL 593427 (D. Minn. Feb. 14, 2013) (citing Safeguard Bus. Sys., Inc. v.

---

[1] The Court notes that while this document was filed January 4, 2016, Foos placed it in her prison mailbox on December 23, 2015, before the December 30, 2015, deadline. (Mot. to Withdraw, [Docket No. 9],at 2).

Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990)); see Woody v. City of Duluth, 176 F.R.D. 310 (D. Minn. 1997).

In the present action no adverse party has served an answer or filed a motion for summary judgment. In fact, no party has even been served. Accordingly, the undersigned recommends that Plaintiff's "Motion to Withdraw Civil Rights Complaint Also Withdrawing Application to Proceed in Forma Pauperis", [Docket No. 9], be construed as a notice of voluntary dismissal as of January 4, 2016, the date it was filed. As such, the undersigned further recommends that Plaintiff's action be dismissed, and recommends that dismissal be without prejudice. See Fed. R. Civ. P. 41(a)(1)(B). Having recommended that Foos' action be dismissed, the Court will further recommend that Foos' pending Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be denied.

Notwithstanding the dismissal of this action, and Plaintiff's request to be excused from the responsibility of paying filing fee, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2] To date, she has paid only $19.44, so she still owes $330.56. Prison officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

For the foregoing reasons, the Court recommends **DISMISSING** the present action without prejudice and **DENYING** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 2].

---

[2] Under the Prisoner Litigation Reform Act ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That this case be **DISMISSED** without prejudice; and,

2. That Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 2], be **DENIED**, as set forth above.

Dated: January 8, 2016

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.